IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAFETY INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Defendant. ) | Civil Action No.: 04-10932 MEL |

MEMORANDUM IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS

The Defendant, United States of America, by its attorneys, MICHAEL J. SULLIVAN, United States Attorney for the District of Massachusetts, and Christopher Alberto, Assistant United States Attorney for said District, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), respectfully submits this Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint.

## I. FACTS

On or about May 6, 2004, Safety Insurance Company ("Safety") filed a Complaint against the United States of America in this Court, seeking to recover $2,495.84 in property damage resulting from a motor vehicle accident that occurred on or about September 3, 2002 between a United States Postal Service ("USPS") vehicle and a vehicle driven by Edward Colon ("Colon"). Safety alleges that it is the subrogee of Colon.

On or about February 27, 2003, Safety submitted a subrogation claim to the USPS, arising out of the September 3, 2002 accident alleged in the Complaint. *See* Declaration of Cynthia Hibbler dated June 16, 2004 ("Hibbler Declaration"), Exhibit A.

1

On or about March 28, 2003, the USPS mailed a certified letter to Plaintiff, denying the claim. *See* Hibbler Declaration, Exhibit B. The USPS' denial of Plaintiff's administrative claim stated, in relevant part:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note that the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.
>
> Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.
>
> A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Id. As shown by the return receipt, both the receipt and the denial letter were properly addressed to Plaintiff. *See* Hibbler Declaration, Exhibit C.

On October 15, 2003, the USPS received correspondence from attorney Thomas C. O'Keefe, III enclosing a Claim for Damage, Injury or Death and supporting documentation on behalf of Safety related to the September 3, 2002 accident involving

2

Colon and the USPS. *See* Hibbler Declaration, Exhibit D. Since Safety had previously filed an administrative claim, which had been denied, the USPS processed the second administrative claim as a request for reconsideration. *See* Hibbler Declaration, Exhibit E. By certified letter dated December 5, 2003, the USPS denied Plaintiff's request for reconsideration. *See* Hibbler Declaration, Exhibits E and F.

Safety's request for reconsideration was not received within six months of the denial of Safety's administrative claim. *See* Hibbler Declaration, ¶ 6. Safety also failed to file suit within six months of the denial of its initial administrative claim. *See* Complaint.

## II. ARGUMENT

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), and 2671 through 2680, is the exclusive remedy for torts committed by Government employees in the scope of their employment. 28 U.S.C. §2679(b)(1). It is well settled that "the United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Mitchell,* 445 U.S. 535, 538 (1980)(quotation omitted); *see also, Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 475 (1994). "[T]he terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Testan,* 424 U.S. 392, 399 (1976). The waiver of sovereign immunity cannot be implied, it must be unequivocally expressed, *United States v. Testan,* 424 U.S. at 399, and strictly construed in the United States' favor. *Library of Congress v. Shaw,* 478 U.S. 310, 318 (1986).

The FTCA creates a limited waiver of sovereign immunity by providing that the United States shall be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. *See Pipkin v. USPS,* 951 F.2d 272, 275 (10th Cir. 1991). The FTCA's waiver of sovereign immunity is jurisdictional in nature, so that if the action is barred, the Court lacks subject matter jurisdiction over Plaintiff's claim. *Id.* Because the FTCA constitutes a limited waiver of the sovereign immunity of the United States, the Court must strictly construe it in order to prevent expanding the waiver beyond what Congress intended.

As a limited waiver of the United States' sovereign immunity, actions brought under the FTCA must be pursued in compliance with the procedures set forth in that Act or not at all. *See McNeil v. United States,* 508 U.S. 106, 112 (1993). Among the procedures mandated by the FTCA is the requirement that litigation must be filed, if at all, within six months after an agency's denial of the administrative claim. More specifically, the Federal Tort Claims Act provides:

> ***A tort claim against the United States shall be forever barred unless it is*** presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is ***begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented***.

28 U.S.C. § 2401(b)(emphasis added). Thus, to comply with the FTCA's statute of limitations, a plaintiff must file an administrative claim within two years after the date his claim accrues ***and*** file an action within six months after the agency ***mails*** its denial of the administrative claim. *Roman v. Townsend,* 224 F.3d 24, 27 (1st Cir. 2000).

The six-month period for filing an action in federal district court after the final denial of an administrative claim will be tolled if the plaintiff files a timely request for

4

reconsideration. *Gervais v. United States,* 865 F.2d 196, 196-197 (9th Cir. 1988); *Isahack v. United States,* 2001 U.S. Dist. LEXIS 18739 at 6 (S.D.N.Y. November 13, 2001); *Glover v. United States,* 111 F.Supp.2d 190, 192 (E.D.N.Y. 2000). USPS regulations specifically provide:

> (b) Prior to the commencement of suit and prior to the expiration of the 6 month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the postal official who issued the final denial or with the Assistant General Counsel, Claims Division . . . for a reconsideration of a final denial of a claim . . . . Upon the timely filing of a claim for reconsideration, the Postal Service shall have 6 months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. . . .
>
> (c) For purposes of this section, a request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in the office of the official who issued the final denial or in the office of the Assistant General Counsel, Claims Division. . . .

39 C.F.R. § 912.9. If a request for reconsideration is not properly or timely filed, the six-month period begins running from the date of the original denial of the administrative claim. *Smith v. United States,* 585 F.Supp. 624, 625 (E.D. Mich. 1984), *aff'd,* 798 F.2d 1416 (6th Cir. 1986); *Polk v. United States,* 709 F.Supp. 1473, 1474 (N.D. Iowa 1989).

As set forth above, Plaintiff timely filed its administrative claim under the FTCA. The claim was denied by certified letter dated March 28, 2003. Plaintiff's representative filed a second claim, or arguably a request for reconsideration, which was received by the USPS on October 15, 2003. Plaintiff's request for reconsideration was not timely filed; therefore, the time period for filing suit began running on the date of the original denial of the administrative claim. The present suit was not filed within six months of the date

5

of the original denial of the administrative claim – March 28, 2003.  Accordingly, Plaintiff's Complaint is barred by the statute of limitations, and this Court lacks jurisdiction over Plaintiff's Complaint.

### III.  CONCLUSION

For all the foregoing reasons, Defendant respectfully requests this Court's Order dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


 /s/ Christopher Alberto
Christopher Alberto
Assistant U.S. Attorney
District of Massachusetts
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3311

CERTIFICATE OF SERVICE

      I, Christopher Alberto, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing upon plaintiff's counsel of record, by first-class mail on July 15, 2004 to Charles C. Gale, O'Keefe & Gale, 180 West Central Street, Natick, MA 01760.

      /s/ Christopher Alberto
Christopher Alberto
Assistant U.S. Attorn